UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VINCENT MANUEL CANTU,<br><br>                  Plaintiff,<br>    v.<br>ERIC MCCOY,<br><br>                  Defendant. | Case No. 2:24-cv-00620-MMD-NJK<br><br>ORDER |

**I.     SUMMARY**

*Pro se* Plaintiff Vincent Manuel Cantu sued Defendant Eric McCoy, Code Enforcement Manager for the City of Las Vegas, for violating his equal protection rights after McCoy cited Cantu for nuisance violations regarding trash and inoperable vehicles on his property, even though Cantu alleges other people who live near him have similarly messy yards but were not cited. (ECF No. 1.) Before the Court is McCoy's motion to dismiss.[1] (ECF No. 6 ("Motion").) Because Cantu did not substantively respond to the Motion, discretionary-act immunity bars Cantu's claims, and as further explained below, the Court will grant the Motion.

**II.    DISCUSSION**

Cantu brings two claims for violation of his equal protection rights and declaratory relief because McCoy cited him for nuisance violations, stating in the notice that Cantu will face fines and potential criminal charges if he does not clean up his property, even though there are other similarly situated properties in his neighborhood that McCoy did not cite. (ECF No. 1.) McCoy raises several, alternative arguments in his Motion as to why Cantu's claims should be dismissed with prejudice. (ECF No. 6.) Cantu does not

---

[1] Cantu responded (ECF No. 10) and McCoy replied (ECF No. 13). United States Magistrate Judge Nancy J. Koppe later stayed discovery pending resolution of the Motion. (ECF No. 20.)

substantively respond to any of them, as his response consists entirely of another copy of his Complaint but is titled an objection to McCoy's Motion. (ECF No. 10.) The Court grants McCoy's Motion because Cantu did not substantively respond to it. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

The Court alternatively grants the Motion because McCoy is entitled to discretionary-act immunity from suit under NRS § 41.032(2). (ECF No. 6 at 8-11 (making this argument).) Indeed, in *Ransdell v. Clark Cnty.*, 192 P.3d 756, 761-64 (Nev. 2008) the Nevada Supreme Court held that NRS § 41.032(2) discretionary-act immunity shielded Clark County from a suit based on abating the plaintiff's property following a notice of code violations regarding garbage and unused vehicles very similar to the notice Cantu attempts to sue over here. And while Clark County was the named defendant in *Ransdell*, its holding nonetheless applies here because McCoy, the Code Enforcement Manager for the City of Las Vegas, is an "officer or employee" of one of Nevada's "political subdivisions." *See* NRS § 41.032.

In addition, the Court alternatively grants the Motion because Cantu fails to state a claim upon which relief can be granted. (ECF No. 6 at 11-15 (making this argument).) Cantu's equal protection claim fails as alleged because, "property owners are not a protected class, and he did not allege that he was the only person to whom [the code enforcement provisions] had been applied." *Ransdell*, 192 P.3d at 765. And declaratory relief is not an independent cause of action. *See, e.g.*, *Freeto v. Litton Loan Serviving LP*, No. 3:09-CV-00754-LRH, 2011 WL 112183, at *3 (D. Nev. Jan. 12, 2011) ("causes of action for declaratory relief and permanent injunction are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action."). And because Cantu's equal protection claim fails, he is not entitled to declaratory relief on it. *See id.* (finding as such and dismissing declaratory relief claim).

///

The Court will not grant Cantu leave to amend because amendment would be futile. The Court cannot see how Cantu could amend his claims around the reasons for dismissal the Court provided above, which are legal in nature—not based on mere insufficiency of supporting factual allegations. Moreover, Cantu has not asked for leave to amend, or made any suggestion as to how he could amend to state claims not barred by discretionary-function immunity or that could otherwise state a claim. The Court will thus dismiss his Complaint with prejudice.

## III.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant Eric McCoy's motion to dismiss (ECF No. 6) is granted.

It is further ordered that the Complaint (ECF No. 1) is dismissed, in its entirety, with prejudice as amendment would be futile.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 6th Day of November 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE